**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | |
|---|---|
| **OSCAR RODRIGUEZ** § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **CIVIL ACTION NO._____** |
| § | **JURY DEMANDED** |
| **WELLINGTON INSURANCE** § | |
| **COMPANY, AND PALOMAR** § | |
| **SPECIALTY INSURANCE** § | |
| **COMPANY** § | |
| **Defendants.** § | |

**DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Palomar Specialty Insurance Company, in Cause No. C-3900-16-D pending in the 206th District Court of Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and respectfully show:

**I.**

**FACTUAL BACKGROUND**

1.1    On or about August 19, 2016, Plaintiff filed his Original Petition in the matter styled: *Oscar Rodriguez vs. Wellington Insurance Company, and Palomar Specialty Insurance Company,* in the 206th District Court of Hidalgo County, Texas, in which Plaintiff made claims for damages to his home under a homeowner's insurance policy.

1

1.2     Plaintiff asserts a claim against Wellington Insurance Company (hereinafter "Wellington"), a party without any connection to this cause of action.

1.3     Palomar Specialty Insurance Company (hereinafter Palomar), was never served with process, but filed its Original Answer in state court on February 13, 2017.

1.4     Plaintiff's Original Petition states that his property sustained covered damages from a hail/windstorm on April 24, 2015 and that he made a claim for said damages under the insurance policy. *See* Plaintiff's Original Petition at part IV. Plaintiff further asserts that he was damaged by Defendants handling of the claim. *Id.*

1.5     Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Hidalgo County District Clerk's file for this case is attached as Exhibit "B," which includes true and correct copies of all executed process, pleadings and orders. Attached hereto as Exhibit "C" is the Designation of Counsel. Attached hereto as Exhibit "D" is Wellington's consent to removal. Attached hereto as Exhibit "E" is the Affidavit of R. Travis Miller.

## II.
## BASIS FOR REMOVAL

2.1     Removal is authorized based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a) and 1446.

2.2     Plaintiff's petition fails to allege his state of residency or citizenship. However, Plaintiff states that he owns the insured property "located at: 323 W. Merida St, Weslaco, Texas 78599." *See* Pl.'s Original Pet. at part IV. The declaration page of the insurance policy in question, issued by Palomar to Plaintiff, lists his mailing address as the

address of the insured property located at 323 W. Merida St, Weslaco, Texas 78599-3855. *See* Ex. E, Miller Aff., ex. E-1 (Declarations Page). As such, Plaintiff is a citizen of Texas.

2.3 Plaintiff's Original Petition initially distinguishes between Palomar and Wellington by identifying how each entity can be served with process. *See* Pl.'s Original Pet. at part II. However, the remainder of Plaintiff's petition refers to Palomar and Wellington collectively as "DEFENDANT." *See id.* and *infra*.

2.4 Defendant Palomar is a distinct and separate entity from Wellington and is a foreign insurance company, incorporated as an Oregon-domiciled insurance company with its principal place of business in California. Accordingly, Palomar is not a citizen of Texas.

2.5 Defendant Wellington, although not a proper party to this lawsuit, is a citizen of the State of Texas.

A. **Defendant Wellington Insurance Company Has Been Improperly Joined in this Lawsuit**

2.6 Plaintiff's petition alleges contractual and extra-contractual damages against the two insurance defendants. Plaintiff initially alleges that both Palomar and Wellington provided coverage on the insured property under policy # PIC-000000446. *See id.* at part IV. Plaintiff further alleges his property sustained damages as a result of a hail/windstorm on or about April 24, 2015. *See id*. Plaintiff alleges that the damages were covered the under "PLAINTIFF'S insurance policy with DEFENDANT." *Id.* But "DEFENDANT", as referenced by Plaintiff in his petition, is actually two distinct legal entities. The names of these two entities, on their faces, show that they are distinct legal entities. Plaintiff's petition directs all allegations against the two companies as if they were one entity by

referring to them as "DEFENDANT." There are no allegations directed to either Palomar or Wellington individually. The pleading makes no distinction as to separate acts or omissions by the companies. The allegations in connection with Wellington, therefore, are entirely false as Wellington had no involvement with Plaintiff or his claim.

2.7 In reviewing this Notice, Palomar first respectfully requests that this Court "pierce the pleadings" and consider undisputable facts outside Plaintiff's Original Petition, which establish that Wellington had no relationship to Plaintiff and had no involvement with the handling of his insurance claim.[1] Thus, there is no possibility that Wellington could be liable to Plaintiff. Second, Palomar respectfully requests that the Court also conduct a rule 12(b)(6)-type analysis of Plaintiff's petition, which will reveal that Wellington is improperly joined in this litigation and should be disregarded for purposes of determining jurisdiction.

2.8 Wellington is a domestic insurance company that issues policies and adjusts claims. However, Wellington did not provide insurance nor did it perform any investigation or adjustment services in connection with Plaintiff's claim. All of Plaintiff's allegations against Wellington are therefore false, and there is no possibility that Plaintiff can establish liability against Wellington. Attached to this Notice and incorporated herein by reference as Exhibit E is the Affidavit of R. Travis Miller. In Exhibit E, Mr. Miller asserts that he is an authorized agent for Palomar Specialty Insurance Company. He is familiar with the policies and claims of Palomar Specialty Insurance Company and, specifically, with the homeowner's insurance coverage and claim of Plaintiff in this matter.

---

[1] Though Palomar requests the Court to Pierce the pleadings, Plaintiff's Original Petition states that he is seeking relief for a claim for covered damages under insurance policy PIC-0000446. Therefore, the relief sought by Plaintiff is clearly under a policy issued by Palomar and not Wellington. *See* Ex. 1, Miller Aff., ex. E-1 (Declarations Page).

He clearly and unequivocally testifies that Wellington was not involved in the investigation or adjusting of Plaintiff's claim that is the basis of this lawsuit. *See* Ex. E, Miller Aff. & ex. E-1 (Declarations Page).

  2.9  An in-state defendant in a state court lawsuit must be disregarded if that party's joinder is improper or fraudulent so that no possible cause of action has been or can be stated against that party. *See Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991). The removing defendant has the burden of alleging and proving the in-state defendant's joinder was a sham or fraudulent. *Jernigan v. Ashland Oil Co.*, 989 F.2d 812, 815-16 (5th Cir. 1993).

  2.10  The doctrine of improper joinder directs a federal court when determining federal diversity jurisdiction to disregard the presence of parties not properly joined. 28 U.S.C.A. § 1441(b). This determination is made by focusing on whether: (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff can establish any cause of action against the in-state defendant in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In determining fraudulent joinder questions, federal courts consider whether there is any possibility of recovery by the plaintiff against the in-state defendant, which, stated differently, means that there is no reasonable basis for the Court to predict that the plaintiff might be able to recover against an in-state defendant. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

  2.11  In the Fifth Circuit, when deciding questions of improper joinder, courts may either limit their consideration to a rule 12(b)(6)-type analysis of the pleadings only or pierce the pleadings and conduct a summary judgment-type analysis to determine the propriety of joinder; piercing the pleadings is especially helpful in cases such as this where

there is a "misstatement" or omission of discrete jurisdictional facts. *See Smallwood*, 385 F.3d at 573; *Keating v. Shell Chemical Co.*, 610 F.2d 328, 333 (5th Cir. 1980). Here, Palomar respectfully asks the Court to do both. The Fifth Circuit has explained that:

> Our decisions subsequent to *B., Inc. [v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)] have consistently maintained that a district court may look to evidence outside of the pleadings in determining a fraudulent joinder claim. . . . Lest there remain even a shadow of a doubt as to this circuit's position, we reiterate-in hopes that further pronouncement will not be necessary—that in testing for fraudulent joinder the district court in its discretion may 'pierce the pleadings'. . . . [Fraudulent joinder is established if the summary judgment type evidence demonstrates that] "as a matter of law, there [is] no reasonable basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court." *Id.* (footnote omitted).

*Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389 n.10 (5th Cir. 2000) (quoting *Burden v. General Dynamics Corp.*, 60 F.3d 216, 217 (5th Cir. 1995)). The summary judgment-type analysis requires that after all questions of fact and all ambiguities in the controlling state law are resolved in favor of the plaintiff, the court decides whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *B., Inc.*, 663 F.2d at 551; *Carriere v. Sears, Robuck & Co.*, 893 F.2d 98, 100-01(5th Cir. 1990). If there is no reasonable possibility for predicting liability against the in-state defendant, improper joinder exists and the action is to remain in federal court. *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2006); *Charla G. Aldous, P.C. v. Teresa Lugo*, Civ. Action No. 3:13-CV-3310-L, 2014 WL 111682, at *8 (N.D. Tex. August 12, 2014).

    2.12    Based on the above authority, Palomar implores the Court to pierce Plaintiff's pleading in this case and consider Exhibit E (and attachment), which establishes as a matter of law that Wellington is not a proper party and there is, therefore, no possibility that the Plaintiff may recover against it.

2.13    Furthermore, Plaintiff fails to make any specific allegations against Wellington in his Petition.  The allegations against Wellington are entirely indistinguishable from those against Palomar.  The allegations against both Defendants merely regurgitate the statutory elements of the various causes of action with virtually no case-specific facts.  See Pl.'s Original Pet. at ¶¶ VI-X.  The lack of specific allegations against Wellington, along with the vague and conclusory nature of Plaintiff's allegations, fail to establish a cause of action against Wellington under the heightened pleading standard of the federal courts.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (holding that a plaintiff must do more than simply allege legal conclusions or recite the elements of a cause of action); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").  If the Court conducts a rule 12(b)(6)-type analysis of Plaintiff's petition, it will be readily apparent that Wellington is improperly joined and its presence should be disregarded by the Court.

2.14    Because Palomar, a foreign defendant, is the only proper defendant in this action, there is complete diversity.  As such, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

**B.    Amount in Controversy Exceeds the Jurisdictional Requirements**

2.15    Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. §1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  Generally, an amount in controversy for the purposes of establishing federal jurisdiction is

determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

    2.16   Here, Plaintiff's petition states that "PLAINTIFF seeks damages of monetary relief of $100,000 or less. Specifically, PLAINTIFF seeks damages of monetary relief of no more than $75,000" *See* Pl.'s Original Pet. at part I. Plaintiff's unsworn allegation that he seeks damages under $75,000 does not amount to the binding stipulation or affidavit required to avoid federal jurisdiction. *See De Aguilar*, 47 F.3d at 1411-12. Therefore, Palomar can secure removal if it "show[s] by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional limit." *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

    2.17   Here, Plaintiff's allegation that he seeks damages of monetary relief of no more than $75,000 contradicts his prior assertions of damages. On June 8, 2015, Mr. Rodriguez demanded a total of $66,012.08, which included $38,830.65 in economic damages, $13,979.02 in interest, and $13,202.41 in attorney's fees. See Ex. E, Miller Aff., ex. E-2 at p. 4 (Demand Letter). He stated in his demand letter that the carrier could be subject to treble damages, additional fees and interest if a lawsuit was filed and that Plaintiff would also seek compensation for mental anguish. *See id.* at p. 3. Indeed, in his petition, Mr. Rodriguez brings claims against Palomar under the DTPA and Insurance Code, as well as for breach of contract and breach of the duty of good faith and fair dealing. He seeks economic damages, treble damage penalties, attorney's fees, pre and post-judgment interest, mental anguish damages, and punitive damages. In light of this evidence, Mr. Rodriguez cannot credibly claim that his claims are worth less than $75,000. Any such

claim would be nothing more than an abusive manipulation of the case in a blatant attempt to avoid federal jurisdiction.  *See De Aguilar*, 47 F.3d at 1410.

2.18    Because a preponderance of evidence shows that the amount in controversy exceeds the jurisdictional requirements, Defendant Palomar has established that this case qualifies for removal to federal court.  *See* 28 U.S.C. §1332(a).

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant Palomar was never served with Plaintiff's Original Petition, but filed its Original Answer on February 13, 2017.  Thus, by filing its Notice of Removal and accompanying documents on this date, Palomar files its Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(d), promptly after Palomar files this Notice, written notice of the filing will be given to the Plaintiff, the adverse party.

3.4    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Defendant Palomar files this Notice.

### IV. CONCLUSION

4.1    Based upon the foregoing, the exhibits submitted in support of this Removal, and other documents filed contemporaneously with this Notice of Removal and

fully incorporated herein, Defendant Palomar Specialty Insurance Company hereby removes this case to this Court for final determination and/or trial.

        Respectfully submitted,

        GAULT, NYE & QUINTANA, L.L.P.
        P.O. Box 6666
        Corpus Christi, Texas, 78466
        Telephone: (956) 618-0628
        Fax: (956) 618-0670

        By:    /s/ Mikell A. West
            Mikell A. West
            Attorney-in-charge
            State Bar No. 24070832
            Southern Dist. No. 1563058
            mwest@gnqlawyers.com

**ATTORNEYS FOR DEFENDANT PALOMAR SPECIALTY NSURANCE COMPANY**

*Of counsel*:

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 6666
Corpus Christi, Texas, 78466
Telephone: (956) 618-0628
Fax: (956) 618-0670

Thomas F. Nye
State Bar No. 15154025
Southern Dist. No. 7952
tnye@gnqlawyers.com

Donald W. Elliott, Jr.
State Bar No. 24097651
Southern Dist. No. 2783040
delliott@gnqlawyers.com

John R. Lamont
State Bar No. 24099876
Southern Dist. No. 3028487
jlamont@gnqlawyers.com

## **CERTIFICATE OF SERVICE**

      I certify that on March 14, 2017, a copy of Defendant Palomar Specialty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney in charge for Plaintiff, Oscar Rodriguez:

**Via CM/RRR #7016 1970 0000 5545 7863**

Christopher M. Ferraro
Christopher M. Ferraro, P.C.
1011 W. 10th Street
Austin, TX 78703

                                                                                            /s/Mikell A. West
                                                                                           Mikell A. West