Electronically Filed
2/13/2017 9:38:53 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

CAUSE NO. C-3900-16-D

| | | |
|---|---|---|
| OSCAR RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 206TH JUDICIAL DISTRICT |
| WELLINGTON INSURANCE | § | |
| COMPANY, AND PALOMAR | § | |
| SPECIALTY INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S DEMAND FOR JURY

COMES NOW, PALOMAR SPECIALTY INSURANCE COMPANY, Defendant in the

above-referenced cause, and demands a trial by jury. The jury fee has previously been paid by the

Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
      Thomas F. Nye
      State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT PALOMAR
SPECIALTY INSURANCE COMPANY



EXHIBIT
B

Electronically Filed
2/13/2017 9:38:53 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the $\underline{13^{th}}$ day of February, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorney for Plaintiff*
Christopher M. Ferraro
Christopher M. Ferraro, P.C.
Surya Mangi
V. Gonzalez & Associates, P.C.
Email:  chris@ferraro-law.com
          Surya@vgonzalezlaw.com

**VIA E-FILING**

Thomas F. Nye

RODRIGUEZ, OSCAR/WIC & PSIC - JD – PSIC - PAGE 2 OF 2

Electronically Filed
2/13/2017 4:09:09 PM
Hidalgo County District Clerks
Reviewed By: Nidia Pena

CAUSE NO.  C-3900-16-D

| | | |
|---|---|---|
| OSCAR RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| VS. | § | 206TH JUDICIAL DISTRICT |
| | § | |
| WELLINGTON INSURANCE COMPANY, | § | |
| PALOMAR SPECIALTY INSURANCE | § | HIDALGO COUNTY TEXAS |
| COMPANY | § | |

## ORDER SETTING TELEPHONIC
## DOCKET CONTROL CONFERENCE

The Court has scheduled the above referenced matter for a Telephonic Docket Control

Conference on **March 9, 2017 at 3:30 p.m.** at the 206th District Court.

Plaintiff shall initiate said conference. If no one calls in for Docket Control Conference,

the court will schedule the case for trial as per the court's availability.

SIGNED on _____2/14/2017_____

JUDGE ROSE G. REYNA

RGR/bgl

Cc:    Hon. Thomas F. Nye: tnye@qnqlawyers.com
       Hon. William Gault: bgault@gnqlawyers.com
       Hon. Christopher M. Ferraro: chris@ferraro-law.com
       Hon. Surya Mangi: surya@gonzalezlaw.com

Electronically Filed
2/13/2017 9:38:53 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

CAUSE NO. C-3900-16-D

| | | |
|---|---|---|
| OSCAR RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 206TH JUDICIAL DISTRICT |
| WELLINGTON INSURANCE | § | |
| COMPANY, AND PALOMAR | § | |
| SPECIALTY INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PALOMAR SPECIALTY INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and makes and files this, its answer in reply to Plaintiff's Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Original Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

Electronically Filed
2/13/2017 9:38:53 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

3.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff includes a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own independent appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Defendant insurance company was potentially deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit potentially prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

4.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

Electronically Filed
2/13/2017 9:38:53 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

5.

### Requests for Disclosure

At the time required by law or the Rules, these Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
tnye@gnqlawyers.com

By: _____
    Thomas F. Nye
    State Bar No. 15154025

William Gault
State Bar No. 07765050
Gault, Nye & Quintana, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
(956) 544-7110
(956) 544-0607 Telecopier
bgault@gnqlawyers.com

ATTORNEYS FOR DEFENDANT PALOMAR SPECIALTY INSURANCE COMPANY

Electronically Filed
2/13/2017 9:38:53 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

## CERTIFICATE OF SERVICE

I, Thomas F. Nye, hereby certify that on the 13ᵗʰ day of February, 2017, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*Attorneys for Plaintiff*
Christopher M. Ferraro
Christopher M. Ferraro, P.C.
Surya Mangi
V. Gonzalez & Associates, P.C.
Email:  chris@ferraro-law.com
             Surya@vgonzalezlaw.com

**VIA E-FILING**

Thomas F. Nye
Thomas F. Nye



Electronically Filed
1/23/2017 11:17:50 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

# GAULT, NYE & QUINTANA, L.L.P.

4141 S. STAPLES ST., STE. 210
CORPUS CHRISTI, TEXAS 78411
P.O. BOX 6666
CORPUS CHRISTI, TEXAS 78466
TEL: (361) 654-7008  FAX: (361) 654-7001

JOHN R. LAMONT                                                                    WRITER'S E-MAIL: JLAMONT@GNQlawyers.com

January 23, 2017

Theresa Smith
Christopher M. Ferraro
Christopher M. Ferraro, P.C.
1011 W. 10th St.
Austin, Texas 78703
**Via email:** theresa@ferraro-law.com

Re:  Cause No. C-3900-16-D; *Oscar Rodriguez v. Wellington Insurance Company and Palomar Specialty Insurance Company*; In the 206th Judicial District Court, Hidalgo County, Texas
Claim No. PSI-65988

Ms. Smith:

Please allow this letter to serve as a Rule 11 Agreement confirming that Gault, Nye & Quintana, LLP, on behalf of its client, Palomar Specialty Insurance Company, will accept service of Plaintiff's Original Petition in the above-referenced case via certified mail. Defendant will file its Answer in accordance with the deadlines set forth in the Texas Rules of Civil Procedure.

If this agreement meets with your approval, please sign below in accordance with Rule 11 of the Texas Rules of Civil Procedure, and return to me. Thank you for your cooperation in this matter.

Sincerely yours,

John R. Lamont
*Attorney for Defendant*

AGREED:

By: _____
Theresa Smith  Chris Ferraro
*Attorney for Plaintiff*

1-23-2017
Date

EDINBURG OFFICE
3124 CENTER POINTE DR.
EDINBURG, TEXAS 78539
P.O. BOX 4200 • EDINBURG, 78540
TEL: (956) 618-0628  FAX: (956) 618-0670

BROWNSVILLE OFFICE
114 JEFFERSON ST., STE. A
BROWNSVILLE, TEXAS 78520
P.O. BOX 5959 • BROWNSVILLE, 78523
TEL: (956) 544-7110  FAX: (956) 544-0607

Electronically Filed
12/27/2016 11:48:31 AM
Hidalgo County District Clerks
Reviewed By: Patricia Molina

CAUSE NO. C-3900-16-D

| | | |
|---|---|---|
| OSCAR RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | 206TH JUDICIAL DISTRICT |
| | § | |
| WELLINGTON INSURANCE COMPANY | § | HIDALGO COUNTY, TEXAS |
| PALOMAR SPECIALTY INSURANCE | § | |
| COMPANY | § | |

## ORDER SETTING HEARING ON
## DISMISSAL FOR WANT OF PROSECUTION

Please be advised that the above numbered and styled cause is set for the 25<u>th</u>

day of January, 2017 at 8:00 a.m. for a Rule 165a hearing (Order of Dismissal for Want

of Prosecution) Personal Appearance at said hearing is required. Failure to attend will

result in the case being dismissed for want of prosecution.

Any default judgment will be taken care at the time of the dismissal hearing.

Thank you for your attention.

SIGNED on _____12/28/2016_____.

JUDGE ROSE G. REYNA

RGR/bgl

Cc:    Hon. Christopher M. Ferraro – Email: chris@ferraro-law.com
       Hon. Surya Mangi- Email: surya@vgonzalezlaw.com

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NUMBER **C-3900-16-D**

| | | |
|---|---|---|
| OSCAR RODRIGUEZ | § | IN THE DISTIRCT COURT |
| Plaintiffs, | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| WELLINGTON INSURANCE | § | |
| COMPANY, AND PALOMAR | § | |
| SPECIALTY INSURANCE COMPANY | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

---

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, OSCAR RODRIGUEZ (hereinafter referred to as "PLAINTIFF"), and files his first Original Petition against DEFENDANT, WELLINGTON INSURANCE COMPANY AND PALOMAR SPECIALTY INSURANCE COMPANY (Hereinafter "DEFENDANT") for cause of action would respectfully show the Court the following:

### I.    Discovery

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, PLAINTIFF seeks damages of monetary relief of $100,000 or less. Specifically, PLAINTIFF seeks damages of monetary relief of no more than $75,000.00.

### II.    Service of Process

Defendant, Wellington Insurance Company may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for service CORPORATION SERVICE COMPANY at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

1

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3900-16-D**

Defendant, Palomar Specialty Insurance Company may be served with process by serving citation and a copy of this Original Petition by Certified Mail Return Receipt Requested on its agent for CT Corporation System 199 Bryan St Ste 900, Dallas Texas 75201.

DEFENDANT is in the business of insurance in the State of Texas. The insurance business done by DEFENDANT in Texas includes, but is not limited to the following:

1. The making and issuing of contracts of insurance with the PLAINTIFF;

2. The taking or receiving of application for insurance, including the PLAINTIFF'S application for insurance;

3. The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the PLAINTIFF;

4. The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the PLAINTIFF;

5. The adjusting and inspection of PLAINTFF'S insurance claims;

6. Making insurance coverage decisions;

7. Taking part in making insurance coverage decisions; and

8. Making representations to PLAINTIFF as being an agent for an insurance company with authority to make coverage decisions;

III. Jurisdiction and Venue

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3900-16-D**

Venue of this action is proper in HIDALGO County, Texas because: the policy at issue was issued and delivered in HIDALGO County, Texas; the property insured is situated in HIDALGO County, Texas; PLAINTIFF'S losses occurred in HIDALGO County, Texas, and all or part of the events made the basis of this lawsuit and giving rise to PLAINTIFFS' claims and causes of action occurred in HIDALGO County, Texas.

IV.    Facts

DEFENDANT and/or its agents committed the actions alleged against PLAINTIFF in this complaint. PLAINTIFF owns the property located at: 323 W. Merida St, Weslaco, Texas 78599 with Policy# PIC-0000446; Claim # PSI 65988. DEFENDANT provided coverage to the PLAINTIFF for such building, personal property, and other matter. During the term of said policy, PLAINTIFF sustained covered losses in the form of a hail/windstorm event on or about April 24, 2015 in HIDALGO County, and water damages resulting there from, including damage to the architectural finishes of the property. PLAINTIFF promptly reported losses to DEFENDANT pursuant to the terms of the insurance policy. As a result, PLAINTIFF'S property sustained damage, including the cost of destruction and restoration of the property necessary to access and fix the damaged areas. These are covered damages under PLAINTIFF'S insurance policy with DEFENDANT. PLAINTIFF has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, including injuries sustained as a result of having conduct business during the pendency of DEFENDANT'S conduct.

V.    Conditions Precedent

All notices and proofs of loss were timely and properly given to DEFENDANT in such manner as to fully comply with the terms and conditions of the relevant insurance

3

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3900-16-D

policies or other contracts and applicable law.  More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint pursuant to Texas Insurance Code, section 541 and Business and Commerce Code section 17.505(a), was sent to DEFENDANT. All of the conditions precedent to bring about this suit under the insurance policy has occurred. Despite the fact that all conditions precedent to PLAINTIFF'S recovery has been performed, DEFENDANT has failed and refused to pay PLAINTIFF a just amount in accordance with their contractual obligations, agreements, and representations.

### VI. Breach of Contract

PLAINTIFF purchased an insurance policy with DEFENDANT.  PLAINTIFF'S property was damaged by the hail/windstorm and water damage, of which are covered under the insurance policy.   DEFENDANT has denied and/or delayed payment of PLAINTIFF'S covered claims. DEFENDANT has no reasonable basis for denying, delaying, or failing to pay PLAINTIFF'S claims for damages. DEFENDANT knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims.  The conduct of DEFENDANT was irresponsible, and unconscionable. DEFENDANT took advantage of the PLAINTIFF'S lack of sophistication in insurance and construction matters to a grossly unfair degree. DEFENDANT has, by its conduct, breached its contract with the PLAINTIFF. The conduct of DEFENDANT has proximately caused the injuries and damages to the PLAINTIFF.

### VII.    Second Cause of Action: DTPA Violations

PLAINTIFF is a consumer entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above,

4

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3900-16-D

DEFENDANT has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of PLAINTIFF'S damages:

(a)     DEFENDANT made false representations about PLAINTIFF'S rights, remedies and obligations under · the policies at issue. These statements were a misrepresentation of the insurance policies and their benefits in violation of §§17.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

(b)     DEFENDANT'S actions constitute an unconscionable course of conduct entitling PLAINTIFF to relief under §17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

(c)     DEFENDANT failed to disclose information to PLAINTIFF concerning the nature and extent of their insurance policy which was known by DEFENDANT at the time for the purpose of inducing PLAINTIFF into transactions which he would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

(d)     As described above, DEFENDANT violated Chapter 541, Texas Insurance Code, entitling PLAINTIFF to relief under section 17.50(a)(4), Texas Business and Commerce Code.

DEFENDANT took advantage of PLAINTIFF'S lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the PLAINTIFF'S property. DEFENDANT conduct as described herein was a producing cause of damages to PLAINTIFF for which PLAINTIFFS sue. The conduct of the DEFENDANT was more than just a mistake, and was done "knowingly" and/or

5

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3900-16-D

"intentionally" as that term is derived by statute. Because of that, DEFENANT may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act. PLAINTIFF seeks an award of additional damages under the DTPA in an amount not to exceed three times the amount of economic damages.

### VIII.   Unfair Insurance Practices

DEFENDANT failed to inform PLAINTIFF of material facts such as the true scope of damage and cost to repair. DEFENDANT failed to properly process claims and have misrepresented material facts to the PLAINTIFF. DEFENDANT has failed to address all damage to the property and its contents causing further damage to the PLAINTIFF. Further, DEFENDANT has intentionally failed to fully investigate the loss; failed to properly convey all information to PLAINTIFF; and has intentionally ignored damages to the dwelling.  PLAINTIFF'S property suffered from covered losses and damages of which DEFENDANT is fully aware. DEFENDANT has concealed damage known by it to exist.  DEFENDANT has known about covered windstorm and water damages but has failed to perform proper testing and concealed facts from PLAINTIFF about the damages, ignoring PLAINTIFF'S pleas for help. DEFENDANT has failed to warn PLAINTIFF of consequential damage to their property.

By its conduct outlined above, DEFENDANT committed unfair practices in the business of insurance prohibited by Chapter 541, Texas Insurance Code, and the statutes, rules and regulations incorporated therein. DEFENDANT committed the following acts in violation of Texas Insurance Code and Texas Administrative Code:

(1)    DEFENDANT failed to, with good faith, effectuate a prompt, fair, and equitable settlement of the PLAINTIFF'S claims once liability became reasonable clear

6

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3900-16-D

(Tex. Ins. Code Ann. 541.060(a)(2)(A); Tex. Ins. Code Ann. 542.003(b)(4); 28 TAC section 21.203(4));

(2)   DEFENDANT failed to provide promptly to PLAINTIFF a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for denial of the claim or for the offer of a compromise settlement of the claim (Tex. Ins. Code Ann. 541.060(a)(3); 28 TAC section 21.203(9));

(3)   DEFENDANT refused to pay a claim without conducting a reasonable investigation with respect to that claim (Tex. Ins. Code Ann. 541.060(a)(7); TAC section 21.203(15));

(4)   DEFENDANT breached its duty of good faith and fair dealing at common law;

(5)   DEFENDANT failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies (Tex. Ins. Code Ann. 542. 003(b)(3); 28 TAC section 21.203(3));

(6)   DEFENDANT compelled PLAINTIFF to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder (Tex. Ins. Code Ann. 542.003(b)(5); 28 TAC section 21.203(6);

(7)   DEFENDANT violated the Prompt Payment of Claims Statute (28 TAC section 21.203(18));

(8)   DEFENDANT committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Code by:

7

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3900-16-D

(a)     DEFENDANT made, issued or circulated or caused to be made, issued or
        circulated an estimate, illustration, circular or statement misrepresenting
        with respect to the policy issued or to be issued:

        (i)     the terms of the policy; and/or

        (ii)    the benefits or advantages promised by the policy.

(b)     DEFENDANT made an untrue statement of material fact (Tex. Ins. Code
        Ann. 541.060(a)(1); 28 TAC section 21.203(1));

(c)     DEFENDANT failed to state a material fact necessary to make other
        statements made not misleading considering the circumstances under
        which statements were made; and

(d)     DEFENDANT made statements in a manner that would mislead a
        reasonably prudent person to a false conclusion of material fact.

(e)     Refusing, a settlement offer under applicable first-party coverage on the
        basis that other coverage may be available or that third parties are
        responsible for the damages suffered, except as may be specifically
        provided in the policy (Tex. Ins. Code Ann 541.060(a)(5); 28 TAC section
        21.203(11);

DEFENDANT'S conduct as described herein was a producing cause of damages to
PLAINTIFF for which suit was filed.

IX.     Breach of the Duty of Good Faith and Fair Dealing

From and after the time the PLAINTIFF'S claims were presented to
DEFENDANT, liability to pay the claims in accordance with the terms of insurance
policies referenced above has been reasonably clear. Despite there being no basis

8

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3900-16-D

whatsoever on which a reasonable insurance company would have relied to deny and/or delay payment for PLAINTIFF'S claims, DEFENDANT refused to accept the claims in totality and pay the PLAINTIFF as the policy required. At that time, DEFENDANT . knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear. DEFENDANT failed to conduct a reasonable and proper inspection of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete and biased reasons to avoid paying a valid claim. This constitutes failing to handle or process the PLAINTFF'S claims in good faith, an affirmative duty placed on the Defendant, as expressly stated by the Texas Supreme Court in *Vail v. Wellington Insurance Company*, 754 S.W.2d 129 at 135 (Tex. 1988). Through the actions described above, DEFENDANT breached its duty to deal fairly and in good faith with the PLAINTIFF. DEFENDANT'S breach was a proximate cause of the losses, expenses and damages suffered by the PLAINTIFF for which they sue.

      X.     Texas Insurance Code 542, Subchapter B Delay in Payment

PLAINTIFF gave prompt notice of their claims to DEFENDANT. DEFENDANT has engaged in unfair settlement claims practices as discussed above and denied and/or has delayed payment on PLAINTIFF'S claim. DEFENDANT'S reliance on reports and estimates from its adjusters and investigating adjusters has been "merely pretextual" and unreasonable. DEFENDANT'S investigation and use of adjusters' reports was an "outcome oriented investigation." DEFENDANT failed to comply with the requirements of Chapter 542 listed herein:

9

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3900-16-D**

(a)     Failing to pay PLAINTIFF'S claim within 60 days of receiving all of the items, statements, and forms required by the insurer to secure final proof of loss, of the acceptance or rejection of a claim; and

(b)     Failing to request all of the items, statements and forms the Defendant reasonably believed at the time would be required from PLAINTIFF'S to pay the claim within 15 days after receiving notice of the claim.

Pursuant to Texas Insurance Code Chapter 542, Subchapter B, PLAINTIFFS are entitled to recover from DEFENDANT the statutory penalty of 18% per annum on all amounts due on PLAINTIFF'S claims, together with attorney's fees, for which they sue.

XI.

PLAINTIFF alleges that as to any terms, conditions, notices, or requests under the insurance contract, PLAINTIFF has substantially complied and/or is excused. In the alternative, PLAINTIFF makes the allegation of waiver and/or estoppel as to every defense or exclusion plead by DEFENDANT as to any exclusion, condition, or defense pled by DEFENDANT, PLAINTIFF would show that:

1.   The clear and unambiguous language of the policy provides coverage for dwelling damage caused by windstorm and water damage, including the cost of access to fix the damaged areas. Any other construction of the language of the policy is void as against public policy;

2.   Any other construction and its use by DEFENDANT violates section 541 and 542 of the Texas Insurance Code and are void as against public policy;

10

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3900-16-D

3. Any other construction violates Art. 17.50 of the Texas Business and Commerce Code, is unconscionable, was procured by fraudulent inducement, and is void as against public policy;

4. Any other construction is otherwise void as against public policy, illegal, and volatiles state law and administrative rule and regulation;

5. The adoption of any other construction constitutes wrongful or bad faith cancellation and/or refusal to renew a portion of PLAINTIFF'S predecessor policy with DEFENDANT. In this regard, PLAINTIFF would show that his insurance policy was renewed uninterrupted for many years; and

6. The adoption of any other construction constitutes conduct in violation of the laws of this state, including section 541 and 542 of Texas Insurance Code is void as against public policy.

If this Court finds any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by PLAINTIFF. In the alternative, DEFENDANT is judicially, administratively, or equitably estopped from denying PLAINTIFF'S construction of the policy coverage at issue. To the extent that the wording of such policy does not reflect the true intent of all parties thereto, PLAINTIFF pleads the doctrine of mutual mistake requiring reformation.

XII.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully request this Honorable Court for the following relief: That upon final hearing and trial hereof, this Honorable Court grant to the PLAINTIFF such relief as to which they may show

11

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3900-16-D

himself justly entitled, either at law or in equity; either general or special, including declaratory judgment, judgment against the Defendant for actual attorney's fees, cost of suit, mental anguish, DTPA violations, Texas insurance code violations, statutory penalties, and prejudgment and post judgment interest, including judgment for additional damages and punitive damage under the facts set forth in this or any amended pleading in exceeding the minimal jurisdicted limits of the court.

### XIII.   Jury Demand

PLAINTIFF requests this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

### XIV.   Requests for Disclosure

Under Texas Rule of Civil Procedure 194, PLAINTIFF request that DEFENDANT disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.

Respectfully submitted,

Christopher M. Ferraro, P.C.

__/s/ Christopher M. Ferraro__
Christopher M. Ferraro
Texas Bar No. 24067594
1011 W. 10th Street
Austin, TX 78703
Tel. (512) 474-7825
Fax. (512) 474-8106
chris@ferraro-law.com

AND

V. Gonzalez & Associates, P.C.
Surya Mangi
McAllen, Texas 78501
Tel. (956) 630-3266
Fax. (956) 630-0383

12

Electronically Filed
8/19/2016 1:38:03 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-3900-16-D**

_/s/ Surya Mangi_____
State Bar No. 24078912
Surya@gonzalezlaw.com

13